IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN EUGENE WHITSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-1802 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of | § | |
| Criminal Justice, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, John Eugene Whitson (TDCJ #413847), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Whitson has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking early release on mandatory supervision. Pending before the court is Respondent's Motion to Dismiss with Brief in Support ("Motion to Dismiss") (Docket Entry No. 14). In response, Whitson has filed Petitioner's Challenge to Respond[e]nt's Motion to Dismiss with Brief in Support ("Petitioner's Challenge") (Docket Entry No. 15). After considering all of the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

I. **Background**

Whitson is incarcerated as the result of a 1986 conviction from the 263rd District Court of Harris County, Texas, in cause

number 431583.[1]  Whitson was charged by indictment with burglary of a building with intent to commit theft.[2]  The indictment included allegations that Whitson had at least two prior felony convictions for theft and burglary of a building with intent to commit theft.[3]  A jury found Whitson guilty as charged in the indictment and sentenced him to 60 years' imprisonment.[4]

Whitson does not challenge his underlying conviction.  In his pending Petition he contends that he is entitled to habeas corpus relief because prison officials have incorrectly calculated his eligibility for release on the form of parole known as mandatory supervision.[5]  Whitson estimates that he should have been released on mandatory supervision in 2005, but that prison officials have incorrectly calculated his time credits.[6]

The respondent notes that Whitson has filed multiple state habeas corpus applications to challenge his underlying conviction, but that he has not raised a claim concerning his eligibility for release on mandatory supervision in the state courts.[7]  The

---

[1]Judgment, Docket Entry No. 13-13, pp. 50-51.

[2]Indictment, Docket Entry No. 13-13, p. 43.

[3]Id.

[4]Judgment, Docket Entry No. 13-13, pp. 50-51.

[5]Petition, Docket Entry No. 1, p. 6.

[6]Memorandum of Law in Support of 28 U.S.C. § 2254, Docket Entry No. 2, p. 4.

[7]Motion to Dismiss, Docket Entry No. 14, p. 2.

respondent argues, therefore, that the Petition must be dismissed for failure to exhaust available state court remedies.[8]

## II. Discussion

Under the governing federal habeas corpus statutes "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework a habeas petitioner must fairly present "the substance of

---

[8]Id. at 3, 6.

his claim to the state courts." Moore, 454 F.3d at 491 (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas a criminal defendant exhausts his state court remedies by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c); see also Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas). In addition, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07. See Tex. Gov't Code § 501.0081; Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000); see also Stone v. Thaler, 614 F.3d 136, 138 (5th Cir. 2010) (observing that Texas law requires prisoners with a time-credit dispute to seek administrative review "and wait until they receive a written

decision or until 180 days elapse before filing a state habeas application").

Whitson does not dispute that he has failed to raise his claims in state court before seeking federal review. He argues that he is not required to exhaust state court remedies because under Texas law a prisoner cannot challenge an adverse decision by the Texas Board of Pardons and Paroles in state court.[9] Whitson is mistaken. The Texas Court of Criminal Appeals has held that a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure is an appropriate vehicle to challenge an adverse decision regarding mandatory supervision. See Ex parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); see also Ex parte McGee, 962 S.W.2d 49 (Tex. Crim. App. 1998) (per curiam) (granting habeas corpus relief for an inmate who was entitled to be released to mandatory supervision). Because state process remains available, Whitson does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this court to defer until the Texas Court of Criminal Appeals has addressed the merits of his claims. Accordingly, the court will grant the respondent's motion and dismiss this case for lack of exhaustion.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

---

[9]Petitioner's Challenge, Docket Entry No. 15, p. 2.

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner failed to exhaust available

state court remedies before seeking federal review. Therefore, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  Respondent's Motion to Dismiss with Brief in Support (Docket Entry No. 14) is **GRANTED**.

2.  The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 7th day of October, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE